THETFORD et al. v. STATE. (No. 3237—39.)

(Court of Criminal Appeals of Texas. Oct. 14, 1914.)

BAIL (§ 94*)—BAIL BONDS—FORFEITURE.

The statute having provided that proceedings to forfeit bail bonds shall be placed on the civil docket and governed by the rules governing other civil actions, a party appealing from a judgment of forfeiture must file briefs in the lower court and in the Court of Criminal Appeals as in civil actions; hence an appeal from such judgment must be dismissed where no briefs were filed.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 418–423; Dec. Dig. § 94.*]

Appeal from District Court, Denton County; C. F. Spencer, Judge.

Proceeding by the State of Texas against J. B. Thetford and others for the forfeiture of bail bonds. From several judgments forfeiting the several bonds, the defendants appeal. Appeals dismissed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. These three cases are by the same appellants and present exactly the same question. The judgment appealed from in each case is a final judgment on a forfeited bail bond. Our statute expressly provides that such cases shall be placed on the civil docket and the proceedings shall be governed by the same rules governing other civil actions.

Our law requires an appellant in such case

to file a brief in the lower court and this court as in civil actions. No brief is filed in this case, and there is no indication that one has ever been filed in the lower court. Therefore, upon the motion of the Assistant Attorney General, each of said cases is hereby ordered dismissed. Lewis v. State, 38 S. W. 205; Sparks v. State, 47 S. W. 976; Mack v. State, 57 S. W. 811; Bringhurst v. State, 37 S. W. 757; Conrad v. State, 9 Tex. App. 674. It is needless to cite other authorities.